GREEN v. ROGERS et al.

(Circuit Court, D. Colorado. June 3, 1893.)

No. 2,647.

CONSPIRACY—PLEADING.

Before persons can be held to answer in the federal courts for conspiracy, they must be charged with combining and conspiring to effect a purpose expressly forbidden by some statute of the United States, or with doing some act in furthering the conspiracy, which is expressly forbidden by a law of the United States; and where a petition claims damages for an alleged conspiracy to disbar plaintiff from practicing law in the state courts because he has filed a bill in a federal court charging defendants with misconduct and corruption in certain litigation pending in a state court, no cause of action is made out.

At Law. Action by Thomas A. Green against Samuel H. Elbert, William E. Beck, Joseph C. Helm, M. A. Rogers, L. P. Marsh, and J. Jay Joslin to recover damages for a conspiracy to disbar him from practicing law in the state courts. Heard on demurrer to the petition. Demurrer sustained, and case dismissed.

T. A. Green, per se.
J. M. Washburn, for plaintiff.
L. P. Marsh, per se, and for Joslin.

Rogers & Starr and M. A. Rogers, for Rogers.

Riddell, Starkweather & Dixon, for defendants Elbert, Beck, and Helm.

RINER, District Judge. This case is before the court upon a demurrer to the petition. Several questions were suggested at the argument, but it will only be necessary to notice the first question raised by the demurrer, viz.: "That this court has no jurisdiction to hear, try, or determine the matters alleged in the complaint." In this case jurisdiction does not exist on the ground of diverse citizenship. The citizenship of the parties is not alleged in the petition. Where jurisdiction is based on diverse citizenship, that fact must affirmatively appear in the petition. Hence, if jurisdiction exists, it must be because of the violation of some federal statute. The plaintiff attempts to charge a conspiracy in violation of the laws of the United States. The facts alleged show that he was disbarred by the supreme court of the state, and he alleges that the proceedings in the supreme court were based upon the fact that he had filed a bill in equity in the circuit court of the United States in which he charged the defendants with misconduct in certain litigation pending in the state court. It is unnecessary to review the facts at length.

The rule is well settled that before parties can be held liable in the federal courts for conspiracy they must be charged with combining and conspiring to effect a purpose expressly forbidden by some statute of the United States, or that the acts resorted to to accomplish the object of the conspiracy are acts expressly forbidden by a law of the United States. My own view in that the allegations of plaintiff's petition do not bring his case within this rule, and that this court is wholly without jurisdiction. The demurrer will be sustained, and the case dismissed.